[Doc. No. 27]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **FRANK DIPPOLITO,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 13-175 (RBK/JS) |
| : | |
| UNITED STATES OF AMERICA, et al., : | |
| : | |
| Defendants. : | |
| : | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the "Motion to Appoint Pro Bono [Counsel]" ("Motion") [Doc. No. 27] filed by pro se plaintiff, Frank Dippolito. No opposition has been filed. The Court exercises its discretion to decide plaintiff's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, plaintiff's motion is DENIED.

Background

Plaintiff, a former inmate at the Fort Dix Federal Corrections Institution ("FCI Fort Dix"), seeks the appointment of counsel to represent him in his civil action asserting claims pursuant to 42 U.S.C. § 1983. See Am. Compl. [Doc. No. 13]. Plaintiff commenced this action against the United States, the Federal Bureau of

1

Prisons (FBOP), the U.S. Attorney General, ten FBOP employees, twenty-one FCI Fort Dix employees, the United States Inspector General for FBOP, the American Correctional Association, and the Executive Director of the American Correctional Association on January 10, 2013. Id.

In sum and substance, plaintiff alleges that defendants acted with actual knowledge and deliberate indifference to the safety and health of prisoners at Fort Dix by maintaining "toxic" conditions at the prison. Am. Compl. at 2-3. Specifically, plaintiff alleges that he suffered injury from a variety of deficient conditions at the prison, including asbestos, lead paint, a polluted water supply, exposure to high noise levels from the personal address (PA) system, and fire hazards. Am. Compl. at 12-16. Further, plaintiff alleges that while he "took every opportunity to advise" every government office of the offenses, defendants did not take any action in response. Am. Compl. ¶ 3. Additionally, plaintiff alleges that when he should have been considered for removal to a halfway house in accord with the Second Chance Act of 2007 and requested an interview, the Bureau of Prisons "failed to create the regulations mandated by Congress." Am. Compl. ¶ 4.

On July 14, 2014, defendants James A. Gondles Jr. and the American Correctional Association filed a motion to dismiss plaintiff's complaint [Doc. No. 17], which plaintiff opposed.

[Doc. No. 18]. Plaintiff subsequently filed the present motion to appoint pro bono counsel on November 25, 2014. [Doc. No. 27]. On December 3, 2014, defendant Charles E. Samuels, Jr., et al., filed a Motion for Judgment on the Pleadings. [Doc. No. 29]. On February 5, 2015, plaintiff filed a motion to amend his complaint [Doc. No. 40], which the court denied because plaintiff failed to attach a copy of his proposed amended pleading. See Feb. 6, 2015 Order [Doc. No. 41]. Plaintiff subsequently filed a motion for leave to file a second amendment complaint on March 2, 2015. [Doc. No. 42].

Discussion

Plaintiff seeks appointment of legal counsel pursuant to 28 U.S.C. § 1915(e). The court may, pursuant to § 1915(e), request an attorney to represent an indigent plaintiff in a civil action. The statute provides in relevant part that:

> (1) [t]he court may request an attorney to represent any person unable to afford counsel. (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(A) the allegation of poverty is untrue; or (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

U.S.C. § 1915(e). District courts have broad discretion to request counsel for indigent pro se litigants, but such appointment is a privilege, not a statutory or constitutional right of the litigant.

Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); Montgomery v. Pinchak, 294 F.2d 492, 498 (3d Cir. 2002); see also Speller v. Ciccero, C.A. No. 13-1258 (KM), 2013 WL 1121377, at *1 (D.N.J. Mar. 12, 2013).

The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine as a threshold matter whether plaintiff's claim has "some merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors (hereafter, the Tabron/Parham factors):

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, nor is any one factor determinative. Id. at 458. Rather, the Tabron/Parham factors should serve as a guidepost to ensure that courts will only appoint counsel in non-frivolous matters. Id.

For the purpose of the present motion, the Court finds that plaintiff's claims demonstrate sufficient merit to withstand

immediate dismissal. In granting plaintiff leave to proceed in forma pauperis, Judge Kugler performed a threshold analysis of the merits of plaintiff's claims and found that they were not frivolous. See generally July 11, 2013 Order [Doc. No. 4]. Thus, the Court will proceed to examine the Tabron/Parham factors.

The first, and arguably "the most significant of [Tabron/Parham] factors" for consideration, is the plaintiff's ability to present his or her own case. Montgomery, 294 F.3d at 501. There are a number of factors a court should evaluate to make this determination, including the plaintiff's literacy, education, ability to understand English, prior work experience, and prior litigation experience. Tabron, 6 F.3d at 156. If a pro se plaintiff is incarcerated, a court should additionally consider constraints caused by detention, such as whether photocopiers, telephones, and computers are made available to the prisoner plaintiff's use. Id. This factor weighs against appointing counsel if a court ultimately concludes that a plaintiff has the baseline ability to adequately present his case. See Gordon v. Gonzalez, 232 Fed. Appx. 153, 157 (3d Cir. 2007).

In the present motion, plaintiff has not indicated that he requires assistance based on his literacy, education, or language ability. In addition, the Court finds that plaintiff's filings to date demonstrate that he has sufficient abilities to represent himself. For example, plaintiff has opposed motions [Doc. No. 18],

filed motions to amend his complaint [Doc. Nos. 8, 42], and successfully obtained extensions of time [Doc. Nos. 10, 12, 35]. In addition, plaintiff's original complaint and amended complaint are reasonably coherent, organized and articulate. Due to plaintiff's demonstrated abilities, the Court finds the first Tabron/Parham factor weighs against the appointment of counsel.

The second factor for consideration is the complexity of the legal issues presented. A court should be more inclined to appoint counsel when the legal issues are complex. See Tabron, 6 F.3d at 156 ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.") (quoting Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)). The present case involves issues concerning health and safety standards and conditions at FCI Fort Dix. The case also concerns procedures governing plaintiff's removal to a halfway house. The Court does not find these legal issues to be unduly complex. Accordingly, the second Tabron/Parham factor weighs against the appointment of counsel.

The third factor is the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation. Where claims are likely to require extensive discovery and compliance with complex discovery rules, appointment of counsel may be warranted. Tabron, 6 F.3d at 156. Plaintiff

argues that he requires a lawyer because the action requires him to depose defendants. Plaintiff alleges that prison rules forbid him from conducting depositions with defendants and from possessing certain discovery materials.[1] Consequently, plaintiff argues that counsel must be appointed so that he can "properly prosecute this case." Mot. for Appointment of Counsel at 1 [Doc. No. 1-3]. The Court discounts plaintiff's arguments. Plaintiff has not cited any prison rules or regulations prohibiting him from conducting depositions. Further, plaintiff has not demonstrated that oral depositions are necessary in the case. See McKeithan v. Jones, 212 Fed. Appx. 129, 131 (3d Cir. 2007) (denying inmate's request for oral depositions of prison officials because written depositions were sufficient); Bell v. Godinez, C.A. No. 92-8447, 1995 WL 519970, at *2 (N.D. Ill. Aug. 30, 1995) ("No doubt a prisoner has the right to take discovery, but that right does not necessarily include conducting oral depositions of prison officials if there are compelling reasons weighing against such depositions and if the prisoner is able to obtain the necessary information by written discovery."). In addition, plaintiff attached relevant exhibits to his amended complaint, including, inter alia, incident reports, affidavits, and correspondence with administrators. See generally Am. Compl. Due to plaintiff's

---

[1] Plaintiff does not specify which defendants he seeks to depose.

demonstrated abilities in obtaining and filing these documents, the Court finds the third Tabron/Parham factor weighs against the appointment of counsel.

The fourth factor for consideration is whether a case is likely to turn on credibility determinations. Though most cases turn on credibility determinations, this factor weighs towards appointing counsel if the case is "solely a swearing contest." Parham, 126 F.3d at 460. Therefore, a court should be aware of "the degree to which credibility is at issue." Wassell v. Younkin, C.A. No. 07-326, 2008 WL 73658, at *4 (W.D. Pa. Jan. 7, 2008). To date, plaintiff has not shown that his case will be "solely a swearing contest." Therefore, the Court finds that the fourth Tabron/Parham factor weighs against the appointment of counsel.

The fifth factor for consideration is the extent to which expert testimony may be required. Appointed counsel may be warranted where the case will require testimony from expert witnesses. Tabron, 6 F.3d at 156. However, the Third Circuit clarified that the appointment of counsel is not required in every case in which expert testimony may be warranted. See Lasko v. Watts, 373 Fed. Appx. 196, 202 (3d Cir. 2010). Based upon the information available to the Court at the present time, the Court cannot determine whether plaintiff will require expert testimony. Therefore, the Court finds that the fifth Tabron/Parham factor is neutral.

The final factor addressed by the Third Circuit in Tabron and Parham is plaintiff's financial ability to attain and afford counsel on his own behalf. Parham, 126 F.3d at 461. In light of Judge Kugler's decision to grant plaintiff leave to proceed in forma pauperis, and the trust account statements from FCI Fort Dix submitted by plaintiff (see [Doc. No. 1-1]), the Court finds that the sixth Tabron/Parham factor weighs in favor of granting plaintiff's motion.

Conclusion

Because the majority of the Tabron/Parham factors weigh against the appointment of counsel, the Court denies plaintiff's motion. The most significant factors to the Court are that plaintiff appears to be able to competently represent himself, plaintiff has the demonstrated ability to obtain relevant discovery, and the case does not present unduly complex legal or factual issues. This Order, however, is entered without prejudice to plaintiff's right to re-file his request for counsel if warranted by relevant developments. Accordingly, for the foregoing reasons,

IT IS hereby ORDERED this 11th day of March, 2015, that plaintiff's "Motion to Appoint Pro Bono [Counsel]" [Doc. No. 27] is DENIED.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge