UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANK DIPPOLITO, | : | |
| Plaintiff, | : | Civ. No. 13-0175 (RBK) (JS) |
| v. | : | |
| | : | **OPINION** |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Frank Dippolito ("Plaintiff") is a former federal prisoner who was previously incarcerated at the Federal Correctional Institution ("F.C.I.") Fort Dix, in Fort Dix, New Jersey, at the time he filed this action. In January, 2013, Plaintiff submitted his *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). On July 15, 2013, Plaintiff's application to proceed *in forma pauperis* was granted. (ECF No. 4.)

The Defendants moved to dismiss the Second Amended Complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted in two separate motions. On December 21, 2015, the Court granted in part and denied in part Defendants' motion. (ECF No. 55.) On January 5, 2016, remaining Defendants filed the instant motion for reconsideration with the Court. (ECF No. 58.) On March 7, 2016, Plaintiff filed a countermotion for reconsideration. (ECF No. 63.) For the reasons set forth below, Defendants' motion will be denied in part and granted in part, and Plaintiff's countermotion will be denied.

## II. RELEVANT FACTUAL BACKGROUND

Plaintiff brought *Bivens* claims under the Eighth Amendment to the United States Constitution. Under the Eighth Amendment, Plaintiff alleged that the conditions present at F.C.I. Fort Dix, taken together, amount to unconstitutional cruel and unusual punishment. Plaintiff also advanced a claim the Racketeer Influenced Corrupt Organizations Act ("RICO") stemming from allegedly retaliatory conduct, as well as allegedly collecting illegal profits by detaining inmates without cause.

### A. Relevant Eighth Amendment Claims

Plaintiff alleges a number of circumstances that, he argues, amount to "cruel and unusual punishment" under a conditions of confinement theory of liability under the Eighth Amendment. First, Plaintiff alleges that F.C.I. Fort Dix has a "serious asbestos problem and lead paint issues." (ECF No. 42 ¶ 44.) Plaintiff also alleges that the water the inmates are made to drink is dangerously polluted. (*Id*. ¶ 47.) He also charges that the conditions in the "5800 block … dining hall" during the government sequester amounted to unconstitutional overcrowding because one of the two dining halls had to close, effectively doubling the population of the lone dining hall. (*Id*. ¶ 52.) In addition to the dining hall, Plaintiff complains that cells are routinely double-bunked and only have two windows and one ceiling fan. This, combined with F.C.I. Fort Dix's policy against personal fans and the "jet exhaust fumes" from nearby McGuire Air Force Base, allegedly makes for poor ventilation and unsanitary conditions. (*Id*. ¶¶ 56-60.) Plaintiff asserts that all of these, taken together, amount to conditions of confinement that fun afoul of the Eighth Amendment's prohibition on cruel and unusual punishment.

## III. PROCEDURAL BACKGROUND

On January 8, 2013, Plaintiff filed a Complaint with the Court in which he alleged that the Bureau of Prisons ("BOP"), the United States, and thirty-one named individuals violated rights afforded to Plaintiff by the First and Eighth Amendments to the United States Constitution under *Bivens*, as well as the FTCA and RICO. (*See* ECF No. 1.) On or about April 9, 2014, Plaintiff filed an Amended Complaint with the Court in which he added more detail to his original allegations. (*See* ECF No. 13.) On October 21, 2014, Defendants United States, Bureau of Prisons ("BOP"), Lappin, Dodril, Conley, Zickefoose, Hollingsworth, Fitzgerald, Hudgins, Holdren, Lawhorn, Dynan, Nichols, Hazelwood, Sutherland, McLaughlin, Carroll, Robinson, Bullock, Alexander, Hardwick, Yeoman, Daniels, Lemyre, Donohue, Kenney, Watts, and Holder ("Defendants") filed an Answer with the Court. (*See* ECF No. 23.) Subsequently, on December 31, 2014, Defendants filed a Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). (*See* ECF No. 29.) On April 17, 2015, the Court granted Plaintiff leave to file a second Amended Complaint, which he did. (*See* ECF Nos. 42, 48.) On May 14, 2015, the above listed Defendants filed a motion to dismiss Plaintiff's second Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6). (*See* ECF No. 52.) In their motion to dismiss, Defendants argued that a number of named Defendants must be dismissed from Plaintiff's First and Eighth Amendment claims due to lack of personal involvement; that a number of Plaintiff's First Amendment claims were untimely; that all claims arising under the FTCA must be dismissed because only the United States can be a proper defendant under the FTCA and the FTCA does not allow suits for constitutional torts; and that all claims arising under the RICO Act must be dismissed for lack of standing. (ECF No. 52-1.)

On June 15, 2015, Plaintiff filed a response in opposition to Defendants' motions to dismiss. (*See* ECF No. 53.) On December 21, 2015, the Court issued an Opinion granting in part and denying in part Defendants' motion to dismiss. (ECF No. 55.) Relevant here, the Court allowed Plaintiff's Eighth Amendment claims to proceed against Defendants Norwood, Zickefoose, Hollingsworth, Holdren, Dynan, Daniels, Carroll, Robinson, Bullock, and Alexander. (*Id*. at 16.) The Court also dismissed all of Plaintiff's RICO claims with prejudice. (*Id.*) On January 5, 2016, remaining Defendants filed the instant motion for reconsideration with the Court, arguing that the Court failed to find Plaintiff stated a claim under the Eighth Amendment, and that all claims as to Defendant Norwood should have been dismissed due to lack of personal involvement. (ECF No. 58.) On March 7, 2016, Plaintiff filed a countermotion for reconsideration, urging the Court to "reinstate" his RICO claims. (ECF No. 63.) For the reasons set forth below, Defendants' motion will be denied in part and granted in part, and Plaintiff's countermotion will be denied.

## IV. STANDARD OF REVIEW

Local Civil Rule 7.1 allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc*., 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co*., 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

> To prevail on a motion for reconsideration, the movant must show:
>
> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in

>question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994).

## V. DISCUSSION

A. Defendants' Motion for Reconsideration

   *i. Eighth Amendment Claims*

In his Second Amended Complaint, Plaintiff named thirty-one Defendants to be sued in their individual capacities for violating his Eighth Amendment rights against cruel and unusual punishment for sufficiently serious conditions of confinement. (*See* ECF No. 42 at 25.) Plaintiff alleges that F.C.I. Fort Dix was unconstitutionally "overcrowded, lack[ed] adequate sanitation and ventilation, expose[d] prisoners to asbestos, polluted water and lead paint, violated … noise levels, and offer[ed] inadequate medical treatment." (*Id.*) Assessing Defendants' motion to dismiss, (ECF No. 52), the Court concluded that Plaintiff's Eighth Amendment claims could proceed against ten of the thirty-one named Defendants. (ECF No. 55.)

Here, Defendants move for reconsideration because of an alleged oversight by the Court in failing to find that Plaintiff did, in fact, state an Eighth Amendment claim. According to Defendants, the Court failed to discuss "whether Plaintiff's allegations rise to the level of an Eighth Amendment violation." (ECF No. 58-1 at 5.) Because the Court concludes that Plaintiff adequately stated a claim for an Eighth Amendment violation based on a conditions of confinement theory of liability, Defendants' motion is denied as to this argument.

Prison conditions can run afoul of the Eighth Amendment's proscription on cruel and unusual punishment by either ignoring "evolving standards of decency" or involving "unnecessary and wanton infliction of pain." *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citing *Gregg v. Georgia*, 428 U.S. 153, 171 (1976); *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). To assert an Eighth Amendment claim resulting from an inmate's conditions of confinement, a prisoner must first show that the alleged deprivation is "sufficiently serious" and that the prisoner has been deprived of the "minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. at 834 (1994). A prisoner must then show that prison officials recognized the deprivation and demonstrated "deliberate indifference" to the prisoner's health or safety. *Id*. Only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. *See Fantone v. Herbik*, 528 F. App'x 123, 127 (3d Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992)).

Here, though Plaintiff names a number of conditions with which he has issues, *i.e.*, lack of winter weather attire, overcrowded dining halls, lead paint and asbestos, none of which rise to the level of a potential Eighth Amendment violation, and certainly not without an allegation of a present injury. *See Fontroy v. Owens*, 150 F.3d 239, 244 (3d Cir. 1998). However, Plaintiff's claims of a perennially unsanitary and inadequately ventilated living space, with a constant fog of jet fume to contend with, does so rise.

Specifically, Plaintiff claims that half of the windows at F.C.I. Fort Dix have been "closed up," leading to very poor ventilation. (ECF No. 42 ¶ 56.) Plaintiff then notes that the ventilation systems in general are "turned off in fall, winter, and spring to conserve resources while inmates are sickened[,]" (*Id*. ¶ 60.) According to Plaintiff, this causes "respiratory distress." (*Id*. ¶ 61.) Added to this is the jet exhaust from McGuire Air Force Base, which

"frequently lingers for days at a time," further contributing to the prison as a "breeding ground for all manner of disease[.]" (*Id*. ¶¶ 61, 57.) Additionally problematic is Plaintiff's allegation that the inmates at F.C.I. Fort Dix are forced to drink polluted water, water that the staff has "been advised not to drink." (*Id*. ¶ 47.) Taken together, these allegations state a claim for a potential Eighth Amendment violation on a conditions of confinement theory of liability. Indeed, inadequate ventilation "increases the risk of disease transmission and contributes to a finding of unconstitutional conditions." *Carty v. Farrelly*, 957 F. Supp. 727, 736 (D.V.I. 1997).

In their motion, Defendants point the Court to *Burkholder v. Newton*, 116 F. App'x 358 (3d Cir. 2004) for the proposition that the Court should dismiss all of Plaintiff's claims. There, the Third Circuit denied a conditions of confinement claim based on exposure to cold temperatures and an unsanitary toilet for 30 days. Here, by contrast, the crux of Plaintiff's claim is a continuing violation, seemingly everlasting, of unsanitary and inadequate ventilation. Plaintiff here does not complain of cold or of a messy toilet, but of a "breeding ground for disease" caused by total lack of circulation and the ever presence of lingering jet exhaust as well as being forced to drink polluted water. Defendant's cited case is simply inapposite. Therefore, Defendants' motion for reconsideration is denied and Plaintiff's Eighth Amendment claims shall proceed. *See, e.g.*, *id*.; *Jones v. Sec'y Pennsylvania Dep't of Corr.*, 589 F. App'x 591, 592 (3d Cir. 2014) (noting that lack of ventilation is a concern and that "adequate ventilation and fresh air" should be shown); *Kost v. Kozakiewicz*, 1 F.3d 176, 188 (3d Cir. 1993) ("unbearable temperatures and lack of ventilation" enough to state an Eighth Amendment claim); *Griffin v. Beard*, 2009 WL 179778, at *4 (M.D. Pa. Jan. 26, 2009) (finding Eighth Amendment violation when "the prison lack[ed] adequate ventilation, [and] a thick black smoke cover[ed] the yard… pos[ing] a serious risk to Plaintiff's short-term and long-term health"); *Tillery v. Owens*, 719

F.Supp. 1256, 1273 (W.D. Pa. 1989) (finding the combination of "inadequate cell size, unsanitary conditions, lack of ventilation…" created "an unconstitutional situation"), *aff'd*, 907 F.2d 418 (3d Cir. 1990); *Jordan v. Arnold*, 408 F.Supp. 869, 876 (M.D. Pa. 1976) (holding that placing inmates in "stuffy and foul-smelling" cells with "[l]ittle or no ventilation," and inadequate control of commodes and water supply constituted cruel and unusual punishment); *cf. Board v. Farnham*, 394 F.3d 469, 486–87 (7th Cir. 2005) (recognizing that "a constitutional right to adequate ventilation exists"); *Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1981) ("A state must provide ... reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities"); *Ames v. Randle*, 933 F. Supp. 2d 1028, 1035 (N.D. Ill. 2013) (noting that the state must provide adequate ventilation). *See also Duncan v. Hickenlooper*, 631 F. App'x 644, 650 (10th Cir. 2015) (finding an Eighth Amendment violation when inmates were forced to drink polluted water); *Masonoff v. DuBois*, 336 F.Supp.2d 54, 59 (D. Mass. 2004) (same).

    *ii. Personal Involvement of Defendant Norwood*

Secondly, Defendants argue that the Court mistakenly allowed claims against Defendant Norwood to proceed while dismissing claims against twenty-one other named Defendants for lack of personal involvement. (ECF No. 58-1 at 5-6.) Defendants are correct in asserting that Defendant Norwood was erroneously grouped with the other nine Defendants, and that there are "no specific allegations of Norwood's involvement or knowledge" in the Second Amended Complaint. (*Id.* at 8.)

Indeed, Defendant Norwood is only mentioned twice outside of the caption and introduction in the Second Amended Complaint: once where he is alleged to have turned a "blind eye" to "illegal standards," and again where he is simply alleged to have had "allow[ed] cruel and unusual punishment." (ECF No. 42 ¶¶ 74, 79.) As such, the Court recognizes this oversight

and Defendants' motion is granted. Thus, all claims against Defendant Norwood are dismissed without prejudice and Defendant Norwood shall be terminated from this action.

B. Plaintiff's Countermotion for Reconsideration

On June 1, 2016, Plaintiff filed a countermotion for reconsideration with the Court. (ECF No. 63.) In it, Plaintiff asks the Court to "reinstate" his civil RICO count against all Defendants and for reargument on his dismissed First Amendment retaliation claims. (*Id*. at 9.) Because said claims were properly dismissed, Plaintiff's motion is denied. (*See* ECF No. 52.)

The Court dismissed Plaintiff's civil RICO claims with prejudice as to all Defendants for lack of standing under 18 U.S.C. § 1964, and Plaintiff does not now present the Court with any information that would warrant reconsideration. The Court also dismissed Plaintiff's First Amendment claims without prejudice as to all named Defendants except Defendants Carroll and Bullock. Again, here Plaintiff simply rehashes arguments the Court has already considered and rejected. (ECF Nos. 55, 63.) Plaintiff simply seems to be dissatisfied with the Court's Opinion, but motions for reconsideration are not the appropriate venue to seek an appeal. *See Yurecko v. Port Authority Trans-Hudson Corp.*, 279 F.Supp.2d 606, 609 (D.N.J. 2003) (noting that "mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument"). Thus, Plaintiff's motion is denied.

## VI. CONCLUSION

For the reasons stated above, Defendants' motion for reconsideration is denied in part and granted in part, and Plaintiff's countermotion for reconsideration is denied. An accompanying Order will be entered.

August 2, 2016

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge